790 So.2d 82 (2001)
Dana Lee CHURCH
v.
Carolyn Lund Bell Wife of/and Frank W. BELL.
No. 2000 CA 0286.
Court of Appeal of Louisiana, First Circuit.
March 28, 2001.
Writ Denied June 15, 2001.
*83 Daniel Lund, III, Seth M. Rutman, New Orleans, Counsel for Defendants/Appellants, Carolyn Lund Bell and Frank W. Bell.
Denise A. Bostick, New Orleans, Counsel for Plaintiff/Appellee, Dana Lee Church.
Before: WHIPPLE, KUHN and DOWNING, JJ.
DOWNING, Judge.
Carolyn and Frank Bell, appellants herein, appeal a judgment granting a legal servitude of passage over immovable property they own that gives access to immovable property owned by Dana Lee Church, the appellee. In its judgment the trial court granted to Ms. Church a servitude of passage, granted a permanent injunction against the Bells directing them not to interfere with the Ms. Church's use of the servitude, and declared another servitude attached to the Church Property to be prescribed and, therefore, of no force and effect.
On appeal, the Bells raise two assignments of error:
1. The trial court erred in holding that the Bell Servitude prescribed by ten years of nonuse and in failing to recognize the renunciation of prescription by the Bells.
2. The trial court was clearly wrong in determining that the existing legal servitude over Lot 24 is the most appropriate access route to the nearest public road.
For reasons stated herein, the judgment of the trial court is reversed.

FACTS AND PROCEDURAL BACKGROUND
Dana Church owns two non-contiguous parcels of land in Bayou Liberty Estates Subdivision, Slidell, Louisiana, which she acquired at the same time on October 6, 1989. One parcel, Lot 34, fronts a public road. The other parcel, a tract of nearly one acre hereinafter referred to as the "Church Property," does not. A servitude of passage connecting these two parcels of land was granted by prior owners on April 29, 1980[1], thus giving the Church Property access to the public road. The Bells own the land that was encumbered by the servitude connecting Lot 34 and the Church Property and also own Lot 24, over which Ms. Church is now claiming a right of passage.
Since her purchase of the Church Property in 1989, Ms. Church has been permissively using a driveway owned by the Bells over Lot 24, Bayou Liberty Estates, as her *84 primary means of access to the Church Property[2] from Napoleon Ave., a public road.
On March 10, 1999, Ms. Church filed a Petition for Injunctive Relief and Declaratory Judgment against the Bells alleging they had placed a chain across the entrance to Lot 24, preventing Ms. Bell or her tenants from any access to the Church Property. On that day, the trial court granted a temporary restraining order enjoining the Bells from interfering with access to and from the Church Property. This order remained in force on consent of both parties through the time of trial.
The matter was scheduled for trial on April 21, 1999, at which time the parties asked for a thirty-day continuance, at the end of which time the matter would be submitted on stipulations if the parties could not reach a settlement. No settlement was reached and the matter was submitted on stipulations to the trial court for ruling.
The Bells now appeal the adverse ruling of the trial court.

DISCUSSION

Manifest Error
The Bells' first assignment of error questions the trial court's determination that the servitude of passage between the two tracts owned by Ms. Church had prescribed for non-use of ten years[3]. In reviewing the record in its entirety, this court finds no evidence to support the trial court's determination that the servitude had not been used for a period of ten years. In Doiron v. Wal-Mart Stores, Inc., 95-1705, pp. 5-6 (La.App. 1st Cir.4/4/96), 672 So.2d 249, 252-253, this court observed the following regarding review for manifest error.
For an appellate court to reverse a trial court's factual findings, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987). The reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court's finding. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. Stobart v. State, Dept. of Transp. and Dev., 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). The issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, 617 So.2d at 882.
*85 Consistently, this court also noted the following in Phillips v. Alliance Cas. and Reinsurance Co., 95-2161, p. 4 (La.App. 1st Cir.11/8/96), 689 So.2d 481, 483:
[A]lthough this court must give great deference to the trier of fact, we have a constitutional duty to review facts and reverse verdicts of the trial court that are clearly wrong based on the evidence, or are clearly without evidentiary support. Ambrose v. New Orleans Police Department. Ambulance Service, 93-3099 (La.7/5/94), 639 So.2d 216, 221.
The matter was submitted to the court on stipulations. No affidavits or other testimony was admitted into evidence. The following two stipulations appear to be the only ones that remotely bear on the period of use of the servitude:
20. The owners of the Property have used the Driveway for access thereto from Napoleon Avenue on an informal basis for approximately twenty years.
. . .
22. Lot 34 and the Bell Servitude area remain unimproved.
Nothing in these two stipulations reasonably proves that the servitude was not used for a period of ten years. There are allegations of nonuse for more than ten years along with other allegations in the briefs, but these are not evidence. As this court observed in South Cent. Bell v. Milton J. Womack & Associates, Inc., 97-2413, p. 3 (La.App. 1st Cir.11/6/98), 744 So.2d 635, 637, writ denied, 99-0644 (La.4/23/99), 742 So.2d 889:
The appellate briefs of parties are not a part of the record on appeal, and this court does not have the authority to consider facts referred to in appellate briefs, if those facts are not in the record on appeal. Therefore, these facts are not before this court and cannot be considered.
Louisiana case law provides that either vehicular or pedestrian traffic is sufficient to preserve a servitude against ten years' prescription, James v. Buchert, 144 So.2d 435, 439 (La.App. 4th Cir.1962), and that use of any part of a servitude preserves the servitude on the whole tract, La.C.C. Art. 759, Armstrong v. Red River, Atchafalaya & Bayou Bouef Levee Board, 278 So.2d 496, 499 (La.1973). The record is void of evidence in these regards.
This court concludes that no finder of fact could reasonably conclude on the evidence contained in the entire record that the servitude between the two Church parcels was never used for a period of ten years. As such, the finding of the trial court is manifestly erroneous.
Further, since neither Ms. Church nor the Bells have proven that the servitude connecting Ms. Church's two tracts has prescribed, she retains legal access to Napoleon Street from the Church Property across this servitude and her lot 34.
Finding merit in the Bells' first assignment of error, this court pretermits the issues raised in the second assignment of error.

CONCLUSION
An essential element of proof in an action involving prescription of nonuse for ten years under La.C.C. Art. 753 is that the servitude was in fact not used for any purpose consistent with its grant. Cf. Ashland Oil Company, Inc. v. Palo Alto, Inc., 615 So.2d 971, 973-974 (La.App. 1st Cir.1993). The servitude connecting the Church properties is by its terms a servitude of passage. Here, Ms. Church presented no evidence from which a trier of fact could reasonably conclude the servitude was never used for passage. Ms. Church, therefore, has failed to prove that *86 her estate is enclosed such that she can avail herself of a right of passage across the property of her neighbor.
For reasons stated, the judgment of the trial court is reversed. Costs of this appeal are taxed to the appellee, Ms. Dana Church.
REVERSED.
NOTES
[1] The record shows that in 1978 the prior owners of the immovable property now owned by the Bells and the property now owned by Ms. Church had agreed to swap Lot 24 and Lot 34, Bayou Liberty Subdivision. This exchange never took place. The Bells' predecessor in title then granted a servitude of passage connecting the two tracts now owned by Ms. Church.
[2] The parties stipulated that this driveway over Lot 24 had been used as access to the Church Property on an informal basis for nearly 20 years. Ms. Church makes no claim for access on the theory of acquisitive prescription.
[3] Ms. Church is the party raising prescription of nonuse as an issue as, she argues, prescription of the servitude makes the Church Property an enclosed estate that can benefit under La.C.C. Art. 689. Under Louisiana law and jurisprudence, prescription of nonuse has a quality not possessed of liberative prescription and acquisitive prescription: once prescription of nonuse accrues, any real right other than ownership is extinguished. La. C.C. Arts. 753 and 3448. The right cannot be revived except by following the formalities of creating it anew. Delta Refining Co. v. Bankhead, 225 La. 422, 431, 73 So.2d 302, 306 (1954) ("We hold it elementary that an extinguished servitude can only be resurrected by title.") Renunciations, therefore, are ineffective once prescription for nonuse has tolled. Haynes v. King, 219 La. 160, 180-182, 52 So.2d 531, 538-539 (La.1951) (on rehearing); Wise v. Watkins, 222 La. 493, 499-501, 62 So.2d 653, 655-656 (1952).